# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LESLEE MARIE LOBATO,

        Plaintiff,

v.

                                                                       No. 1:17-cv-00907-KRS

NANCY A. BERRYHILL,
Acting Director of the
Social Security Administration,

        Defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REVERSE AND REMAND

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability benefits under Title II or Title IV of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c. With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b), the Court has considered Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc.16), filed February 13, 2018, the Commissioner's response in opposition, (Doc. 18), filed March 19, 2018, and Plaintiff's reply (Doc. 20), filed March 30, 2018. Having so considered, the Court FINDS and CONCLUDES that Plaintiff's motion is GRANTED IN PART as set forth below.

### I. PROCEDURAL BACKGROUND

On July 26, 2010, Plaintiff filed two applications for Social Security disability benefits, alleging that she had been disabled since July 14, 2010, due to degenerative arthritis, depression, anxiety, severe foot and ankle pain, and high blood pressure. (AR 231-41). On May 10, 2011, it was determined that Plaintiff was not disabled and her claims were denied. (AR 150). This

determination was affirmed on October 3, 2011 (AR 156), and a subsequent hearing before an administrative law judge ("ALJ"), held on September 5, 2012, again ended in a denial. (AR 74-90). The ALJ's decision became final when, on January 23, 2014, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5). Plaintiff challenged the ALJ's decision in the United States District Court for the District of New Mexico and, on April 16, 2015, Judge Vidmar remanded the matter for further proceedings. (AR 694-704).

Following remand, Plaintiff was granted two additional hearings before ALJ Ann Farris. In her subsequent opinion, ALJ Farris summarized the evidence of record and assigned weight to medical opinions provided by, inter alia, Plaintiff's treating physicians and state agency consultants. She then employed the required five-step disability analysis,[1] first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 14, 2010.[2] (AR 610). At step two, ALJ Farris found that Plaintiff has the severe impairments of polysubstance abuse; major depressive disorder; panic disorder not otherwise specified; PTSD; degenerative disc disease; obesity; and osteoarthritis of the ankle. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (*Id.*).

ALJ Farris next assessed Plaintiff's Residual Functional Capacity ("RFC"),[3] finding that Plaintiff has the RFC to:

> lift no more than 10 pounds at a time, sit for approximately six hours in an

---

[1] *See* 20 C.F.R. § 404.1520 (outlining the five-step analysis).
[2] The ALJ also determined that Plaintiff met the insured status requirements of the Social Security Act through December 15, 2015. (AR 610).
[3] The RFC gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

eight-hour workday and stand or walk intermittently for no more than two hours in an eight-hour workday. She can occasionally climb, balance and stoop but never kneel, crouch or crawl. The claimant can make simple decisions with few workplace changes and have occasional, superficial interaction with co-workers and the public.

(AR 612).

ALJ Farris then proceeded to steps four and five where, with the help of a vocational expert, she determined that Plaintiff was not able to perform her past relevant work, but that she was capable of performing the requirements of occupations such as Stuffer; Laminator; Brake-lines coater; and Circuit-board assembler. (AR 618-19).

Plaintiff now asks the Court to reverse the ALJ's decision, arguing that the ALJ (1) improperly rejected the opinions of her treating physician, Thomas Marron, M.D., and treating psychiatrist Michael Sievert, M.D.; (2) failed to consider the opinion of non-examining state agency psychologist, Donald Gucker, Ph.D.; and (3) erred in her determination that the occupations of Stuffer, Laminator, Brake-lines coater, and Circuit-board assembler exist in significant numbers in the national economy.

Having meticulously combed the record, the Court finds that the ALJ erred in her consideration of the opinion evidence provided by Plaintiff's treating physicians and it will reverse on this ground. The Court does not find merit in Plaintiff's second argument and it will not reach Plaintiff's final contention as it may be affected by the ALJ's reevaluation of the evidence upon remand.

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. §

405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

### III. ANALYSIS

It is well established that an ALJ is required to consider and weigh every medical opinion contained in the record. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. § 404.1527(c). In determining what weight to give to an opinion, the ALJ evaluates several factors including, but not limited to, the supportability and consistency of the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ need not expressly consider all of the relevant factors, but his or her decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the…medical opinion and the reasons for that weight." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (quotation omitted).

Generally speaking, medical opinions from a claimant's treating physician should be given controlling weight if they are well-supported and consistent with the other substantial

evidence of record, *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), whereas "the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). If a treating physician's medical opinion is not given controlling weight, the opinion is still entitled to deference and it must be weighed using the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6).

In these circumstances, the ALJ is also required to weigh the prior administrative medical findings in accordance with 20 C.F.R. § 404.1527(c) and explain in his decision the weight he ultimately assigns to this evidence. *See* SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)[4] (explaining that ALJs may not ignore agency experts' findings and must explain in their decisions the weight given to the opinions). *See also* 20 C.F.R. § 404.1527(e) (stating that an explanation is not required if the ALJ gives controlling weight to a treating source's medical opinion).

With her first two arguments, Plaintiff asks the Court to find that ALJ Farris erred in her consideration of the opinion evidence provided by her treating providers, Dr. Marron and Dr. Sievert, and non-examining state agency psychologist, Dr. Gucker. The Court finds merit in the former but not the latter.

## A. Treating Physician Opinion Evidence

Both of Plaintiff's treating physicians, Drs. Marron and Sievert, completed medical questionnaires wherein they assessed Plaintiff with a variety of limitations. As is relevant here, Dr. Marron noted that Plaintiff has upper extremity limitations in terms of pushing, pulling, and handling. Here, he pointed to the results of a C-Spine MRI and nerve impediments. (AR 1866). ALJ Farris, however, afforded his opinion "no weight," explaining that Dr. Marron's findings are

---

[4] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263. Rescission effective for claims filed on or after March 27, 2017.

"at odds with both the modest radiological findings and his established history of benign treatment notes." (AR 615).

Dr. Sievert, in turn, opined that Plaintiff's bipolar disorder results in a number of marked and moderate limitations in the categories of Understanding and Memory, and Sustained Concentration and Persistence. (AR 1757). He also noted that Plaintiff has moderate limitations in her ability to accept instructions and respond appropriately to criticism from supervisors, get along appropriately with coworkers, and maintain socially appropriate behavior. (AR 1758). ALJ Farris gave Dr. Sievert's opinion "limited weight," stating that the doctor's findings regarding Plaintiff's social limitations were "inconsistent" and that his opinion "is contrary to the benign mental-status exams in his own treatment notes." (AR 617).

At face value, the ALJ's findings in terms of the consistency and supportability of the evidence may appear to be sufficient reasons to discount the doctors' opinions. *See* 20 C.F.R. § 404.1527(c)(2)(i)-(c)(6). However, a closer look at the evidence reveals that the ALJ failed to consider the basis for the limitations the doctors identified. Most troubling is the fact that ALJ Farris classified Plaintiff's MRI results as "modest radiological findings," whereas Dr. Marron found that the results create limitations in Plaintiff's upper extremity functioning. Here, the Court can only conclude that the ALJ substituted her own judgment for that of the doctor's medical opinion. This the ALJ cannot do. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) ("An ALJ is not free to substitute his own medical opinion for that of a disability claimant's treating doctors.").

Similarly, ALJ Farris did not discuss Dr. Sievert's assessment regarding the effects of Plaintiff's bipolar disorder.[5] She notes that Dr. Sievert found that medication moderately improved Plaintiff's psychological disorders (AR 617), but fails to discuss the doctor's opinion that limitations remain. Until this void is cured, the Court cannot determine that the ALJ's "limited weight" determination is supported by substantial evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (finding that "the ALJ also must discuss…significantly probative evidence he rejects.").

## B. Dr. Gucker's Opinion Evidence

Plaintiff's second argument challenges the ALJ's treatment of opinion evidence provided by state agency non-examining psychologist, Dr. Gucker. At the initial level of review, Dr. Gucker completed a Mental Residual Functional Capacity Assessment and determined that Plaintiff has the RFC to "understand, remember, and carry out simple instructions, attend and concentrate sufficient to complete a routine work day without significant interruptions from psychologically-based symptoms, exercise reasonable judgment, [and] interact appropriately with coworkers, supervisors and the general public on an incidental basis." (AR 719). Plaintiff claims that ALJ Farris failed to reference Dr. Gucker's assessment anywhere in her discussion of the evidence. (Doc. 16, p. 16).

Contrary to Plaintiff's contention, ALJ Farris did note that "[a]t the initial state level, medical consultants found the claimant capable of….understanding simple instructions and functioning in a setting where contact with co-workers/supervisors is limited." (AR 612). She then gave this evidence "moderate weight" finding it "[l]argely consistent with the record." (AR

---

[5] Among Plaintiff's severe impairments, as identified by ALJ Farris, is major depressive disorder, not bipolar disorder. The Court recognizes that the two disorders are distinct; however, in her decision, ALJ Farris acknowledges that Plaintiff has bipolar disorder. (AR 618). Accordingly, the Court considers Plaintiff's bipolar disorder to be both established and relevant.

618). Although the ALJ does not name the initial level medical consultants, it is clear that Dr. Gucker is included in this classification. *See, e.g.*, AR 719. Consequently, the Court cannot find merit in Plaintiff's claim that ALJ Farris "ignored [Dr. Gucker's] opinion." (Doc. 16, p.1).[6]

### IV. CONCLUSION

Because the Court "cannot simply presume that the ALJ applied the correct legal standards in considering" the medical evidence provided by Drs. Marron and Sievert, *Watkins*, 350 F.3d 1297, 1301 (10th Cir. 2003), the Court must reverse the Commissioner's decision and remand for further proceedings consistent with this order.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 16) is hereby **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this matter is REMANDED to the commissioner for further proceedings consistent with this order.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Importantly, Plaintiff does not take issue with how the ALJ considered Dr. Gucker's opinion. Rather, she merely argues that that opinion was not considered at all. *See* Doc. 16, pp. 16-17; Doc. 20, p. 3.