# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LESLEE MARIE LOBATO

    Plaintiff,

v.                                            No. 1:17-cv-907-KRS

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## ORDER GRANTING IN PART AND DEFERRING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before the Court upon Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 24), filed February 13, 2019. Having considered the motion, Defendant's response in opposition (Doc. 26), filed February 26, 2019, and Plaintiff's reply (Doc. 27), filed March 12, 2019, the Court **FINDS** that Plaintiff's motion should be granted in part as set forth below.

On November 15, 2018, the Court entered an Opinion and Order Granting in Part Plaintiff's Motion to Reverse and Remand (Doc. 22). As set forth in its order, the Court determined that the ALJ erred in her consideration of opinion evidence provided by two of Plaintiff's treating physicians, to wit: Dr. Marren and Dr. Sievert. More Specifically, the Court noted that Dr. Marren assessed Plaintiff with upper extremity limitations based, inter alia, on Plaintiff's MRI results. (Doc. 22, p. 5, AR 1866). Inexplicably, however, the ALJ opined that Plaintiff's MRI was, for the most part, "unremarkable" and determined that Dr. Marren's findings were inconsistent with the "modest radiological findings and [the doctor's] established

history of benign treatment notes." (AR 615). Dr. Sievert, in turn, found that Plaintiff's bipolar disorder resulted in numerous limitations. (AR 1757-58). To support his findings, Dr. Sievert explained that, although Plaintiff's disorder had improved, it was "not fully in remission" and resulted in impaired functioning. (AR 1757). Yet, in assigning limited weight to Dr. Sievert's opinion, the ALJ completely ignored the doctor's explanation for his findings.[1] (AR 617).

Due to these errors, the Court could not find that the Commissioner applied the correct legal standards in reaching her decision to deny Plaintiff's request for disability benefits, or that the decision was supported by substantial evidence. Accordingly, the Court remanded the case for further proceedings.

As the prevailing party in the civil action, Plaintiff filed the instant motion requesting EAJA fees in the amount of $ 6,889.50. (Doc. 24, p. 1). Defendant, however, asks the Court to deny Plaintiff's motion arguing, in sum, that the Commissioner's position, both in the agency action and the subsequent civil action, was substantially justified. The Court disagrees with Defendant's contention.

Plaintiff is entitled to recover attorney fees under the EAJA unless the Court determines that the Commissioner's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Importantly, for the purposes of the EAJA, the term "position" encompasses the position taken by the Commissioner in both the civil action and the underlying agency action. 28 U.S.C. § 2412(d)(2)(D). The Court, then, is required to make its determination on the basis of the entire record, "including the record with respect to the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(1)(B). "The test for substantial justification in

---

[1] In her decision, the ALJ states that Dr. Sievert identified limitations "for a reason that is illegible." (AR 617). While Dr. Sievert has the quintessential "doctor's handwriting," his comments were, in fact, legible as the Court was able to read and discern the doctor's explanation. The ALJ's finding to the contrary again demonstrates that she was not concerned with Dr. Sievert's supporting evidence.

this circuit is one of reasonableness in law and fact," *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotation omitted), and the burden is on the Commissioner to show that her position meets this standard. *Id.* at 1173.

In the case at bar, Defendant asks the Court to find that "a reasonable person could conclude that the ALJ provided good reasons for discounting Dr. Marren's and Dr. Sievert's opinions." (Doc. 26, p. 5). In support, Defendant notes, "[i]ndeed, the Court stated in the Order, that '[a]t face value, the ALJ's findings in terms of the consistency and supportability of the evidence may appear to be sufficient reasons to discount the doctors' opinions.'" (*Id.*). Defendant continues her argument with a discussion of evidence which allegedly supports the ALJ's rejection of the opinions in question.

Here, Defendant references evidence upon which the ALJ actually relied, evidence to which she cited, post hoc, in her response to Plaintiff's request for remand, and evidence which she admittedly did not raise during the civil litigation. Defendant concludes that she "reasonably took the position that the ALJ reasonably gave no weight to Dr. Marren's opinion based on the modest MRI findings and Dr. Marren's benign treatment records," (*Id.*), and that she "had a reasonable basis for defense of the ALJ's decision based on the ALJ's regulatory-based discussion of Dr. Sievert's opinion in comparison to his treatment notes." (*Id.*, p. 7).

As an initial matter, the Court employed the "at face value" statement to which Defendant refers to demonstrate that the ALJ's consideration of Dr. Marren's and Dr. Sievert's opinions was one of form over substance. The ALJ used words and phrases that one might associate with a 20 C.F.R. § 404.1527(c) evidence evaluation viz., "inconsistent," "contrary to," "at odds with," (AR 615, 617), but her evaluation excluded and/or mischaracterized significant probative evidence provided by Plaintiff's treating physicians. (Doc. 22, pp. 5-7). And, because

the ALJ's decision is the Commissioner's "position" in terms of the agency action, the Court finds that the ALJ's evidentiary errors do "not meet the reasonableness test for substantial justification." *Hackett*, 475 F.3d 1166, 1175 (10th Cir. 2007).

Of course, this finding does not resolve the matter as the Court still must consider whether the Commissioner's litigation position was substantially justified. *See, e.g.*, *Madron v. Astrue*, 646 F.3d 1255, 1258 (10th Cir. 2011) (explaining that "it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification."). Having so considered, the Court finds that the Commissioner has not met her burden of proving that her position was reasonable in fact and law.

As discussed above, Defendant asks the Court to find that she had a "reasonable basis" for concluding that the ALJ "reasonably" rejected the opinion evidence in question. First and foremost, the question before the Court is whether the Commissioner's litigation position was reasonable in fact and law, and not simply whether it was "reasonable" for the Commissioner to believe that the ALJ acted "reasonably." Secondly, if the ALJ's consideration of the evidence in question could be considered reasonable, the Court would be without authority to remand the matter back to the Commissioner. *See, e.g.*, *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (limiting judicial review to a determination of "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards"); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (explaining that the Court may not reweigh the evidence or substitute its judgment for that of the ALJ).

It was neither factually nor legally reasonable for the Commissioner to conclude that the ALJ "reasonably" used Plaintiff's MRI results to discount Dr. Marren's findings or that the ALJ

properly considered Dr. Sievert's opinion evidence. And, the Commissioner's proffer of evidence which she believes supports the ALJ's decision does nothing to address or defend the ALJ's failure to consider properly the probative evidence which supports Dr. Marren's and Dr. Sievert's findings. *See Hackett*, 475 F.3d 1166, 1174-75 (10th Cir. 2007).[2]

In the alternative, the Commissioner asks the Court to reduce Plaintiff's requested fee amount by $923.80, arguing that Plaintiff's attorney overbilled by $119.80 for clerical work, and improperly billed for $804.00 of work that he completed during Plaintiff's first appeal. Upon review of Michael Armstrong's Affidavit (Doc. 24-1), the Court is unable to determine whether Mr. Armstrong's fee request of $6,889.50[3] is reasonable.

At the outset, the Court finds that Defendant's argument as to Plaintiff's billing for duplicative work is without merit. The fact that Plaintiff was represented by Mr. Armstrong's firm[4] in her 2014 appeal did not relieve Mr. Armstrong of his obligations in this case to ensure that he was thoroughly versed in the administrative record and that he was presenting accurately the associated facts and relevant law. To the contrary, the Court would find cause for concern if an attorney relied solely upon the work product submitted on behalf of his firm three years prior.

In terms of the alleged overbilling of clerical work, Defendant points to three of Mr. Armstrong's block activity entries which include the term "filing." Defendant argues that this clerical task may not be recovered under the EAJA, and Plaintiff does not address this argument

---

[2] In *Hackett*, 475 F.3d 1166 (10th Cir. 2007), the Court contrasted situations in which a factual matter was at issue and the Commissioner supplied a missing dispositive finding during litigation, with those in which the Commissioner attempted to reconcile the ALJ's decision with new evidence or legal theories. *Id.* at 1174-75. The Court suggested that the former might give way to a finding of substantial justification while the latter would likely foreclose such a finding. *Id.*

[3] The EAJA limits an attorney's fee award to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor…justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an hourly rate of $197.00 for work performed in 2017, and $201.00 for work performed in 2018. (Doc. 24-1, p. 2). Defendant does not dispute that Plaintiff is entitled to the requested upward adjustment and the Court finds that these rates are justified as they reasonably reflect cost of living adjustments based on the Consumer Price Index.

[4] Francesca MacDowell submitted the 2014 Motion to Reverse and Remand on behalf of the Michael Armstrong Law Office in 1:14-cv-00281-SMV.

in her reply. The Court agrees that purely clerical tasks may not be billed at an attorney's hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A) ("The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished"). Plaintiff, then, shall disclose the amount of time, if any, Mr. Armstrong allotted to the filing of documents in his time entries for August 18, 2017, February 13, 2018, and March 30, 2018, and either explain why the filing activities she identified are not clerical tasks or remove these activities from her time computations.

More puzzling to the Court, however, is Mr. Armstrong's activity entry dated August 18, 2017, which states: "Meeting w/Client. Review ALJ Decision & Appeals Council Denial, Federal Court Filing." (Doc. 24-1, p. 2). The first filing in this case was submitted on September 1, 2017 (Doc. 1), and there is no record of a denial from the Appeals Council in the underlying agency action.[5] *See* Doc. 11. Consequently, this entry appears to be inaccurate and clarification is required to determine whether the corresponding 1.20 time entry should be omitted entirely or applied to different activities/dates.

It is worth mention that, in her reply, Plaintiff requests an additional $505.00 for the time she spent preparing the reply. (Doc. 27, pp. 5-6). Due to the discrepancies in Mr. Armstrong's Affidavit, the Court finds that Plaintiff is not entitled to fees associated with defending her EAJA motion. *See, e.g.*, *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 165 (1990) (explaining that the EAJA was intended to "cover the cost of all phases of successful civil litigation" and that the district courts are vested with the discretion to adjust the amount of fees as appropriate).

**THEREFORE, the Court FINDS and CONCLUDES**:

1. The Commissioner's position was not substantially justified and Plaintiff is entitled to an

---

[5] As this case has its inception in a remand by a Federal Court, Plaintiff was not required to file objections with the Appeals Council following the ALJ's denial of benefits. 20 C.F.R. § 404.984.

award of EAJA fees.

2. Plaintiff's EAJA award should not be reduced due to work Mr. Armstrong or his firm completed in Plaintiff's prior appeal.

3. Plaintiff is not entitled to fees associated with the clerical task of filing.

4. Plaintiff is not entitled to any expenses associated with her motion for EAJA fees.

5. Mr. Armstrong shall submit an accurate affidavit along with a motion which thoroughly explains the discrepancies noted above and provides a precise accounting of, and request for, legal fees to which he believes he is entitled. Plaintiff shall file the affidavit and motion on or before April 15, 2019. Defendant shall file a response either objecting to Plaintiff's calculation of fees or stating that she takes no position on or before April 25, 2019. If Defendant objects to Plaintiff's motion, Plaintiff shall file a reply on or before May 3, 2019.

6. The Court defers ruling on the amount of EAJA fees to be awarded pending the completion of the parties' above-directed briefing.

**IT IS SO ORDERED**.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE